Case number 21-1120 et al. Turlock Irrigation District and Modesto Irrigation District Petitioners versus Federal Energy Regulatory Commission. Mr. Zetlin for the petitioners, Mr. Fish for the respondent, Mr. Katz for the intervener. Morning, Council. Thank you, Your Honor. Misha Zetlin for the petitioners. 363 days after we submitted our certification request full of many hundreds of pages of water quality information, the California Board here reported to deny our certification request with a two-page pro forma letter and then told us to resubmit our application again if we wanted to keep an active file. We, of course, complied. 364 days later, same pro forma, two-page letter. Now, there's no doubt, I think, in anyone's mind what was going on here is that the Board wanted to buy itself more time to draft up its eventually very lengthy certification. Well, it seems like there is some question about that. You call this pro forma, but there was some reasoning, and the reasoning was that the District had not completed the CEQA process, and without that, state law prevented the Board from approving the permit, right? That's what they said, right? That is what you said, Your Honor, and if I could just take that in two parts. First, the decision below did not in any way rest on whether that was a legitimately stated reason. The Board set out a bright line rule that as long as the document is labeled a denial, that's an act under 401, and the one-year statute does not apply. Now, I will answer your question, which was pressed by the Board in their intervener thing, and we would submit what could only be decided on remand under Chenery. Our position is that the invocation of CEQA cannot possibly evade the one-year rule. CEQA is, of course, a state statute that requires a multi-year study. But you're saying they evaded the one-year rule. They didn't. They ruled. They denied. They, well, they invoked... The rule says that you have to act within a year by either granting or denying, and they denied, so they complied with the statute. They did nothing more than what the agency did in Allegheny, which is that they took... They labeled something in denial, but it was nothing more than a tooling document. Well, you can't have it both ways. You just said a minute ago that we can't look at really what the order said because the FERC didn't cite the order. Then now you're saying that we should look at this like Allegheny and look behind the order and, like, infer some sort of bad faith or shenanigans. I mean, you got to pick a position here. Well, let me try to explain this very quickly. Our primary submission is that FERC rested its decision here on a bright line rule that no matter anything else, as long as the state document is labeled a denial, that's the end of the inquiry. Now, I think at footnote two on page 33 of the brief, they seem to disclaim that. So, under Chenery, this court should vacate FERC's decision and let them take a look and actually make a decision whether this was in fact a sham or whether they were actually seeking more water quality information. But with regard to CEQA in particular, let me address it. This is a state statute, a very unusual one, that, as a practical matter, requires a multi-year study looking at housing, aesthetics, all this other stuff. California has recognized that that multi-year process can't possibly override the one-year rule, which is why, since they've changed the statute to allow themselves to issue certifications even without CEQA being completed. And, in fact, here we have the smoking gun, which is that they, in fact, issued their certification without CEQA ever starting. They issued a 100-page document, 45 conditions. But that's because the state law was changed. They didn't have the authority to do that until the state law was changed. They could have just denied your petition or permit application and been done with it, right, under state law as it existed in 2018. Your Honor, the existence of a state law cannot possibly override the one-year rule. Let me give you, Your Honor, a hypothetical. Well, the one-year rule just requires them to act, and they could act by saying denied. Well, Your Honor, if I may give a hypothetical. FERC can't overrule what the state does. That's the whole purpose of the cooperative federalism scheme that we have here, is that the state has its authority and FERC has their authority. The state is not doing anything illegal here, but there's a legal, if a state adopts a state law that does not allow them to act within one year, then the consequences waver. And let me give you, Your Honor, a hypothetical. I think this illustrates why the reliance on CEQA must be wrong. Let's say California decides to enact the following statute tomorrow. Anytime there's a four-to-one certification, we need 18 months to study it, and then 18 months of notice and comment to the public. If whenever that gets to 364 days, we're going to deny without prejudice, and we're going to say that's because this 18-month review and the 18 months of notice and comment hasn't completed. Certainly, that would be an act in some way. You could bring an action against the state to set aside that. I just want to follow up on Judge Wilkins' questions. How much of your case rests on the idea that they shed without prejudice? Nothing at all, Your Honor. Because if the board had simply said denied, and the reason is we don't have sufficient information under state law yet, you would be in the same position. You could again file once that information was available, right? They would have to tell us in some way what information they would want. They did. Your Honor, with respect, they never told us a bit of additional information that they needed. We submitted over a thousand pages of every When they tell you that we can't approve this because your client, the district, is the responsible party to initiate the CEQA process, and they haven't, that's not telling you what you need to do? Our respectful submission is the state of California did not need an additional bit of water quality information. And we have the smoking gun, which is the state of California, in fact, issued the certification without getting one dollar more of water quality information. I know Your Honor said the state... That's because they passed a statute that said that the thing that prevented them from granting your application in the past was no longer going to be a requirement. So the smoking gun that you're referring to proves the point. I very strongly disagree because the statute doesn't refer to the board. It refers to the state of California. The state of California, whether it's acting through an organic statute or through its bureaucrats, decided and showed the world, beyond reasonable doubt, in the strongest smoking gun possible, that they did not need a dollar more of water quality information from us at all. This entire CEQA ruse was in fact a ruse, because why did they keep doing it? Why didn't your client just go through the CEQA process? We provided them with every bit of information that they could possibly need. CEQA process could not have been completed in a year for a project of this complexity and size. They had one year to decide, one year under the statute, and under the federal statute, which overrides their state lawful purposes of these proceedings. They did not finish within one year. If we had submitted the CEQA paperwork, they would not have finished within one year, and they would have given us the same denial saying CEQA isn't finished. And for a fact, they know that this is, that the CEQA is not a sufficient justification to override 401, because why did they enact this change of law? They enacted this change of law in response to this court's decision in the HOOPA. And the scheme here is far more offensive to the statute than what happened in HOOPA. In HOOPA, at least the agency had to get the agreement of the applicant in order to toll the one-year limitation. Here, the agency can do it, the state can do it unilaterally. And if your honors, there should be no mistake about it, if your honors rule for my friends in this case, the one-year statute is meaningless. It is a dead letter. Every state could pass a statute like CEQA, or like my hypothetical, saying we need 18 months, we need notice and comment. And Judge Randolph, there would be no way to challenge that statute. Why not? Because it wouldn't violate any federal law. Your argument is that it would violate federal law because it precludes the one-year, limitation on granting a certificate. So it's very important to understand that there's nothing- If it doesn't violate federal law, as you just said, then why are you complaining to the FERC about that? It doesn't violate federal law, it's just a consequence under federal law. It's just in conflict? No, there's a consequence under federal law, we're not deciding within one year, which is that you waive your certificate. There's nothing illegal about waiving your certificate. Do you agree or disagree that the basis for which the denial, the basis on which the denial rested was that the board had not received sufficient information? That is their claim before this court. Do you agree that they said that? I agree that they said that in their brief. Is there, do you think that was plain error on the part of the board? I do not, I do not, the FERC here did not rest its decision on that based on Chenery. You're right. It certainly did not. And you also say that the rule that was stayed for a while, that the Supreme Court just lifted to stay, supports you. That's right. Do you realize that that rule says that the board or the authority, the state authority, can reject an application on the basis of insufficient information? Yes, Your Honor, but- Right. And that's a denial within the one year period that qualifies for that. May I point, Your Honor, obviously we don't have enough time to look at it now, but when Your Honor, back to Chambers, look at 40 CFR 127, 120.17, E13. That is, in that rule, the one that's back in effect. And it says that when the state board says there's not enough information, it needs to tell the applicant what information it needs. Further, the rule says that you can't require a multi-year study. So it is unambiguous that under that rule, this would not be allowed because it would not be a legitimate denial for lack of information because they never told us what information more they needed. In fact- Your environmental review, didn't they tell you that? Didn't complete your environmental review? They wanted us to go through a bureaucratic- Well, that's what they're telling you what the information was that they didn't have sufficient knowledge of. Well, Your Honor, every bit of information was in our hundreds of pages submissions. They wanted an additional study of CEQA deals with aesthetics, transportation, cultural rights, things of that sort. These are some multi-year- Why didn't you challenge their denial in state court? The reason is very important. The reason for that is that challenge would have failed at the blocks because their state law authorized to do this. And if I could get back to that hypothetically, because I really do think it's devastating. If a state enacted a statute like that that said, we need 18 months to study this under our state, and we've got to fill out a bunch of forms, and then we get 18 months of notice and comment, there would be no federal claim you could bring against that. It wouldn't violate federal law. It would just be a waiver. In a state law, how would you challenge that? It's a state statute. What state law does that challenge? We respectfully submit that CEQA is exactly the same thing. It creates, or was before the latest statutory enactment, it creates a multi-year process that for any sizable project would never be finished in a year. And if Your Honors bless the CEQA excuse, then it necessarily follows that you're blessing the hypothetical excuse that I put out. And then 401's one-year rule is absolutely a dead letter. And I had a lot of really intelligent briefs submitted on the other side of the case, excellent attorneys. Not a single word in those briefs explains why ruling for FERC here would not create a loophole that would render 401, and this one-year rule, and this Corsican hoopla, a functional dead letter whenever a state wanted to avoid it.  Thank you, Your Honors. Thank you, Your Honors. Good morning, Your Honors. May it please the court, Jared Fish for the commission. The petitioner's argument here is entirely circular, and this gets to your line of questions, Judge Wilkins. They assume that there was no denial here because they say the state's reasons for the denial somehow hold the one-year deadline under the statute. But how do we know that there was a denial here? And it's undisputed that the denial letters were issued within the one-year time frame. We know by looking to the text of Section 401. Section 401 says that a waiver of a state's power to grant or deny certification occurs if it fails or refuses to act. We know that a denial in the next two sentences later in Section 401 means that no federal license can issue. That is contraposed to waiver. The prior sentence says if the state fails or refuses to act, that results in waiver. The federal licensing can continue. If there's a denial, there can be no federal licensing. So the question really is whether the denial here is legitimate, and this gets to your question, Judge Randolph. Section 401 does not empower the Commission to answer the why of the denial or to analyze the why of denial. It requires us to look at the when, within one year, and the what, whether the state granted or denied. Whether the denial is legitimate or not, which necessarily includes the questions of, you know, whether the denial is based on relevant state law, that's a question, state law to be decided in the state court, as this court has repeatedly reinforced in the City of Tacoma, in Alcoa, in the Keating decisions. And certainly... Just a point of interest, not necessarily involved in this case, but I was curious, if the state does waive its authority to grant a certificate, who determines whether the water quality discharges from the dam or meet the water quality standards? Well, if the state waives their power to ensure water quality standards, then Congress has allowed the federal license to proceed, and maybe those water standards won't be guaranteed. FERC does conduct a NEPA analysis, so we do conduct our own environmental... You did that anyway, right? We did that anyway, and by the way, we only issued the final determination July 2020, which was after their second certification request was denied. So as a factual matter, their whole argument that the CEQA analysis held up the federal... or the denials held up the federal licensing is just wrong. What work is the one-year deadline doing, if you're correct in this case? The one-year deadline imposes an important function because it requires the state to either grant or deny a request, and reasonably... You said their argument is circular, but I'm asking what's the point of a one-year deadline requiring a grant or denial? Because, Your Honor... If they can just do what they did here. Well, because that grant or denial could be challenged, and, you know, California... We looked at California state law to determine whether that denial can be challenged in state court, and here, Sections 3867A1 of Chapter 27... Could the same thing be said about the scheme in Hoopa Valley? No, it can't, Your Honor, and this is a key distinction in the effect of withdrawal and resubmittal versus denial without prejudice. With withdrawal and resubmittal scheme, there's nothing to challenge. There is no state action. And, you know, petitioners, nobody that I'm aware of, suggest that there is some recourse... But more than that, in the Hoopa-type case, which is what you're talking about, right? Yes. Both the applicant and the permitting authority of the state have reached an agreement, so they're not going to sue... The applicant is not going to sue the permitting authority, because they've already reached a settlement agreement, which is what went on there. That's not this case. This case, the applicant had every right to bring a suit against the state. Absolutely, Your Honor, and they didn't. They put... You know, they back away from any argument in their hearing request that California law didn't provide them some recourse through state courts. They abandoned that argument, and for good reason. We have... You know, there's state statutes that reasonably provide them with the right, and even if there's a question, this would be a particularly poor vehicle to try to federalize that inquiry, because they didn't even try to seek recourse in state court from the denials. I know, but your response to my question was very reliant on the option of recourse in state court, and I still don't see how your scheme, even allowing for recourse in state court, doesn't make the one-year deadline, as opposing counsel said, a dead letter, because, so, they do what they did here, and let's say that they'd gone to state court. The state court, they're not going to fault the commission. The commission didn't do anything. You know, how would they win in state court? What would that opinion even look like? Well, if the state court found that the denial was truly pro forma, which it was not, but they argued it was, provide no rationale for why the board had denied, the state court would, presumably, under an analogous, you know, APA administrative review process, arbitrary capricious standard of review, perhaps, would say, you haven't provided a reasoned explanation for your denial. So, we are overturning the denial, and by the way, there's plenty of precedent of state courts doing just that. What's your response to the 18-month hypothetical? What's your response to opposing counsel's hypothetical about a state that passes a statute that requires an 18-month process? My response to that, Your Honor, is what Congress give it, it can take it away. Congress here created the power for states to grant or deny water quality certifications, and when Congress granted that power, Congress could have decided to condition those grants or denials. It could have said, you waive your right to certify unless your denial is based on a substantive, on the merits of termination. We can assume they didn't do that. So, I think your answer is that the hypothetical opposing counsel gave would be perfectly lawful. Well, it's possible, probable that it would be under Section 401. Again, you know, look at this court's precedent, City of Tacoma, it said our job is to- And then, so let's say that there's a hypothetical world exists, the commission two days before the one-year deadline denies it without prejudice, but doesn't have to say without prejudice, just denies this as we haven't completed this process that we're required to complete by state law, and then they seek recourse in state court. The state court is going to say, well, the commission didn't do anything wrong, the commission's just following state law here. So, your recourse in state court is out the window. It's not helpful to them at all. So, I have two answers, Your Honor. And the one-year deadline's dead letter. One-year deadline is a function of what Congress set forth. Congress did not provide legitimate versus illegitimate rationales for denial. It just said you must deny. It's the when and the what, not the why. But HOOPA says that we can't allow a loophole that's that gaping. Well, what HOOPA Valley said, Your Honor, and I respectfully disagree, it was based on the failure to act to grant or deny certification at all. It said whatever failure or refusal to act means, it certainly encompasses the situation here because the state's- Tell me why this is wrong. HOOPA said the state has to make a decision within a year. Right. And the state had concocted a scheme where it got around that deadline and didn't make it. It did not make a decision within a year. Right. And here, same one-year deadline exists. The state has to make a decision within a year. And the state seems to, in the hypothetical that you say would be lawful, the state has literally passed a statute saying we will not make a decision within a year. You say that's fine. Your Honor, I push back on the premise of your question that a state decision must be a conclusive determination whether or not a project complies with water quality standards. Section 401 doesn't say that. There's nothing that says a decision that says we cannot yet determine whether water quality standards are actually met is illegitimate rather than a decision that says we've concluded, you know, definitively that water quality standards are not or are met. So a decision is just the denial itself. I mean, you're saying that a non-decision is a decision. No, I'm saying that, like I said— We need more time. Let's say this is denied because we need more time. Isn't that a non-decision? No, not under Section 401, Your Honor, because the decision is the denial itself. All that Section 401 says is the state has to act on a certification request. Here, the state acted by denying. And under the plain terms of Section 401, a denial means federal licensing doesn't proceed. Now, whether that denial is based on a legitimate state ground, you know, this court, again, Alcoa beating City of Tacoma, has repeatedly said the legitimacy, the why of the denial to be challenged in state court. You know, I would say, Your Honor, that while not an issue here, because as you pointed out, Judge Randolph, there was an explanation for the denial. There could be an outer bound. There could be a possibility or possible scenario where the why might be a federal question. This gets— And did FERC say that below, or is that a generic thing now? We did say in paragraph 33 of our initial order that, you know, this is not a totally defined area of the law yet, and so it could be possible that, you know, a scheme of—well, a different state scheme might, you know, trigger a waiver. But all we're saying is, you know, we come to the court, we await your decisions, and we'll follow whatever— There's another problem, which you haven't mentioned. I don't know whether it's pure speculation or not, but it would seem to me that an applicant could game the system with—in following what the petitioners are proposing here. And by that, I mean they could file with the state board knowing full well that the information was not available—there wasn't sufficient information just to get the ball rolling, and then wind up with having the state waive everything because it's not a final decision when the state says, we don't have enough information, we're going to have to deny this. Exactly, Your Honor. We make that point in our brief, and that was the situation in the New York 1 and New York 2 cases, where the state didn't have sufficient information, and it said we can't make—render a decision within one year of receipt of request. That is a federal requirement. The one-year clock starts at receipt of the request, not when the state has complete information. I'm wondering how effective this one-year thing is. It only runs from the date of the application. Is there any kind of time limit on when the application has to be made? Yes, it has to be filed 60 days—within 60 days of PERC's issuance of a draft environmental impact statement. But I'd just like to, on that point, push back against the notion that there's some meaningful distinction between lack of information and lack of analysis. Analysis is information. The whole reason that state goes through the CEQA environmental review process or PERC goes through the NEPA federal environmental review process is to take that raw data and draw conclusions from it. I mean, raw data is just raw data. The analysis is what matters. And not even petitioners dispute that the CEQA analysis is tied to making determination on water quality standards. So just to get back to your point, Judge Walker, I think there could be an outer bound where a state issues a denial letter with no explanation. And because, as the Supreme Court has stated in S.D. Warren at 386 and the Second Circuit said in the American Rivers case at 107, the state's certification power is circumscribed by—has to have a nexus to maintaining water quality. And in that case, perhaps there could be a federal question on whether there is any nexus to maintaining water quality or if the state was just denying certification for economic reasons or because maybe it wanted power from a solar facility rather than a hydroelectric dam. But we are far afield from that situation here where petitioners make no argument that the CEQA analysis has no bearing on maintaining water quality. Also, if I read PERC's decision below to be far more categorical than what you just said, I read it in JA 2027 to say PERC was, quote, reluctant—PERC is, quote, reluctant to interpret 404's text to include denials without prejudice, categorically reluctant, then should we remand and allow PERC the opportunity to make the kind of individualized finding that you're arguing here but that they didn't make? No, not at all, Your Honor. All I'm proposing is there— Why not? Why not? I'm sorry? Why not? Why shouldn't we—if you're making an argument here that PERC didn't make below, why shouldn't we remand for PERC to make it below? I'm perfectly happy for the court to rest on the rationale provided in our orders. And in fact, that's mandated by SEC v. Chenery. I'm just responding to your question, Your Honor, to speculate that could there possibly be a scenario where a denial without prejudice, you know, within one year would actually constitute waiver. My short answer is I don't know. I can speculate, and that's what I'm doing here. But this is a pretty categorical rule, and the court doesn't need to look far beyond its own precedent to determine that. Again, City of Tacoma explains that our role is to await and then defer to a determination. That's different from two other scenarios, if I might briefly posit them. There are two other federal questions in Section 401 besides the one-year waiver time limit. One is whether the state has issued public notice of the certification request. That's the City of Tacoma case. This court vacated and remanded, referred to determine whether the state had actually issued public notice. The second is whether a state under Section 401A3 has properly revoked a previously granted certification for the reasons that are expressly provided in Section 401A3. That's the Keating case, where the court, you know, explained that it can't just shirk its responsibilities to make that determination whether the state properly revoked. But why is that different from here? It's different because those requirements are spelled out in Section 401 itself. Section 401, by contrast, says nothing about us looking at the rationales for the denial that the state gives. The proper locale for challenging the rationale here was in state court, which the district did not even attempt. Let me ask one more hypothetical. Imagine that instead of the 18-month hypothetical, it's 100 years. California passes a statute that says we require an environmental impact assessment that will take us 100 years to do. And because of this one-year, 401 deadline, we're instructing the commission every 363 days to deny and require the petition to refile for 100 years. But you think that that state statute, that scheme, would not be in, would not contradict, you think that that scheme would be legal? I don't know that it would contradict Section 401 because Section 401 doesn't go. But, however, I certainly think that would probably prompt Congress to amend its law to say, look, we- Are you sure Congress will be right on that with FERC at the top of their agenda? Well, regardless of the practicalities, I mean, this is, again, this is a power, a certification power that Congress has given, and it can condition it or it can take it away. And here, Congress decided to leave it at, you know, if you deny certification, then FERC's responsibility is to consider whether it was within- But if the argument, well, Congress can fix it, if that argument would fly, then Hoopa Valley would have come out different. No, Your Honor, it wouldn't, because there, there was a failure to act, and act means to grant or deny something. There was no grant or denial there. So there was waiver. If I might make one final- One final point. One final point on Allegheny, Your Honor. Allegheny is nothing like this case. There, in a case that concerned the Natural Gas Act's judicial review provision, the court rejected FERC's practice that overrode an express statutory right to seek judicial review 30 days after a hearing request was filed. We issued orders that said, no, you don't actually get to exercise that right to judicial review. Here, what happened was exactly what the statute prescribes. The state denied certification. It did so within one year. And the statute says, in the case of a denial, no federal license fell issue. That's exactly what happened. I have one further question, if you indulge me. I brought up to the Petitioner's Council the current rule that the Supreme Court had before us, and we have a number of letters back and forth. Here's my question. The third application that the districts made was filed on July 20th, 2020, right? Yes, Your Honor. This rule went into effect on July 10th, 2020. And there's a provision in the rule that says, the certification denial shall not preclude a project proponent from submitting a new certification request. So with respect to their third request, the rule, that wouldn't be retroactive application, would it? Well, two points, Your Honor. First, the third request is not at issue here. I understand that, but they withdrew it. And that's why it's not at issue. But they could have, but that request would not have been precluded under the rule that was then in effect. I don't know that that's accurate, Your Honor, because while the rule was issued in July 2020, it did not take effect until September. But on that point, Petitioner cited Section 121.7E3 of the new rule that says, and actually they make a concession in that statement, because they concede that a legitimate denial may be one that's based on insufficient information, which includes an environmental, lack of environmental analysis that they didn't even commence. They concede that that could be a legitimate basis. The fact that that new rule requires an evidentiary showing, that's a facet of the rule. That's not a facet of the statute. So what they're conceding is the statute actually distinguishes between tolling orders and evasion of the one-year deadline on one hand, and denials that are based on a lack of information on the other. The fact that there was, you know, maybe this would be a harder case if the new rule applied to it because of that lack of evidentiary burden tying the denial to precise water quality standards. That's irrelevant and actually makes our point. Your Honor, thank you. Thank you, Your Honors. Thank you. Now hear from Mr. Katz on behalf of the intervener. May it please the court, excuse me, Eric Katz for the California State Water Resources Control Board. This is a straightforward statutory interpretation case. In section 401, Congress granted the state's powerful authority to protect their water quality from the impacts of federally licensed projects. States can act by certifying that the projects will comply with state law. Or they can deny certification, which blocks the federal agency from issuing the federal permit or license at all. And they only waive their authority either by affirmative statement or if they fail or refuse to act on a request within one year. And as this court held in Alcoa, those terms are largely unqualified and the plain language therefore has to apply. And as FERC found, the state board acted by denying each request within one year. And as as FERC acknowledged, the why isn't relevant because to FERC's determination as to whether there was a timely denial, because certainly that's a question of state law. And that is if the districts were dissatisfied with the board's denial, they had every opportunity to seek review in state court, but they did not. Not finding any home within the text, the districts rely on HOOPA. And as the discussion here has already illustrated, the HOOPA case is entirely different, entirely distinguishable from the facts of this case. In HOOPA, of course, there was expressly a commitment for the state to not make a decision. And there was an agreement with the applicants in that case to try to devise a mechanism for the states to not act for years and years and years, but still preserve their authority. And this court found in HOOPA that the mechanism did not relieve the state board of a duty to act and so found waiver. And here, of course, there was no such thing. The state board acted timely each and every time. I see my time is running, but very briefly, responding to some of the points the district made, they characterize CEQA as unusual, and it is almost the same as NEPA. It has some distinguishing factors, but not very different. They described the denial as a loophole. It is not a loophole for the state board to exercise the authority that Congress granted it to deny.  Except instead of having an explicit agreement that the petitioner would withdraw and reapply, you had an explicit agreement that said the board will continue these denials until it feels like it has had enough time to make a decision. Would that change the analysis? It wouldn't. Because in that case, any interested party could challenge the state board's denial in state court. It wouldn't have to just be the applicant. It could have, as in the HOOPA case, it was a third party who was interested in the outcome, but not the applicant or the state. If the state had denied for illegitimate reasons, any party could sue the state board in state court, and the state would have to defend its decision to deny on the merits as to whether it was arbitrary and capricious or not supported by substantial evidence. There would be direct judicial review available in that circumstance. Even if the denial was without prejudice? Absolutely. The with or without prejudice is really a red herring. Because even if the state, whether the state terms the denial with prejudice or without prejudice, nothing precludes the applicant from resubmitting an application and restarting the state's one-year clock to act. Mr. Katz, if I can interrupt you, I want to ask you about that. Because Council for FERC told us that you have to file an application within 60 days after FERC certifies its environmental impact state. How does that work if the applicant files the request within 60 days and it's denied? Then how can the applicant file another request because the 60 days is already run? I think that there's a little tweak on the timing. When FERC is ready to begin its NEPA process, it issues an order or a document called Ready for Environmental Analysis, which signals it's starting its NEPA process. The 401 cert application to the state has to be filed within 60 days of that. The state would have a year to act within essentially 14 months of the FERC statement that it's beginning its environmental analysis. But in terms of the CEQA timing, the process for the renewal or reissuance or new licenses for existing facilities starts under FERC's regs. And it's either four or five years prior to the expiration of their current license. So there are the dam operator and the districts in this case began working on this relicense renewal four to five years at least before they submitted their certification request to the state. And so to the extent the districts are complaining about the time that it takes to comply with CEQA, there's certainly time for them to begin earlier than from right when they request for certification. But I don't think that that answers Judge Randolph's question. It confuses me. I'll let him say whether it answers his question, but it didn't seem to answer it for me. I may not have been correct. If the state denies, let's suppose here the state had denied the district's, I guess, request for a permit, and FERC can't move forward with their process until there's a granting by the state. So is the FERC application told or something? Or how can the applicant resume the FERC process after getting a denial from the state? Apologize for not tracking it the first time. But what 401 prevents is FERC issuing a final license until the applicant receives a certification. So if the state denies a request, whether it's with or without prejudice, or an application with or without prejudice, it doesn't necessarily halt FERC continuing with its environmental review, coordinating with the federal fishery agencies. It just would be a hard stop from FERC getting to the end of that process and issuing the new 40-year license to the districts until a certification has been obtained from the state. And so it may be that FERC will have to do the calculus as to whether it wants to continue doing the work given the denial. But I guess I'm not familiar with that fact pattern in reality to have a grounded response. Any other questions? All right. Thank you, counsel. Counsel for the petitioner, I'm not sure how much time you had left. All right. We'll give you two minutes, counsel. Thank you, Your Honor. This wolf cubs the wolf. You heard my friend's answer to the 100-year hypothetical. If this court blesses FERC's decision below, there will be nothing stopping states from enacting statutes that stop the permitting process forever. There would be no state law challenge that would be possible for that kind of thing, because that would be a state statute. What challenge are you going to bring in state court over that 100-year statute? There would be no possible challenge in federal court. It wouldn't violate any federal statute. The only possible consequence would be the one-year waiver, which FERC in this decision below is telling you it can't find. It can't even look behind the reasoning. So the stakes could not be higher. If this court affirms FERC's reasoning, which is the only thing that it could do under Chenery, states would have an absolute veto authority to ignore the one-year rule for one year, two years, 100 years, and there would be no recourse to state court. There would be no recourse to federal court. The only recourse would be to a very divided Congress. That's clearly not what the statute requires, certainly contrary to the letter and at least the spirit of what this court said in HOOPA. I'll just briefly answer a couple of the other questions. There's no room for abuse here for the applicants, as the regime laid out in the currently applicable 401 rule articulates. If the state says, we need this bit of water quality information, that is not this kind of loophole. And then finally, Your Honor's question about what FERC considers. FERC, as a matter of policy, always considers the waived certifications. If this court finds FERC- I didn't catch it. FERC always, as a matter of policy, considers the waived certifications in issuing its final license. Oh, waive. Yes. W-A-I-V-E. Okay. That's right. That's right, Your Honor. It always considers those. So it surely did in HOOPA and in this circumstance, if this court rules for us, then surely FERC would consider at least some of those 100-page certifications that the board issued more than two years after we filed our request. All right. Thank you, counsel. We'll take the matter under submission.
judges: Wilkins, Walker, Randolph